Case number four this morning is Cooke v. Jackson National Life Insurance. Mr. Marks. Thank you, your honor. Good morning, your honors. May it please the court. My name is Alex Marks on behalf of Jackson National Life Insurance Company. I've reserved two minutes for rebuttal time. The district court erred in this case in granting the plaintiff an award of attorney's fees as a sanction under section 155 of the Illinois insurance code despite finding that Jackson. You, in light of what happened in the past two cases, you may not be surprised to learn that we have a question about jurisdiction. Certainly, the question is, is there a final decision entered by the district court? There is a thing in the appendix called a judgment, but it does not say what relief Cooke receives. It doesn't talk about how much he receives under the policy. It doesn't talk about interest. It doesn't talk about attorney's of appellate practice. But until relief is specified, there is no appeal. Yes, your honor. I believe the issue with that is under applicable law. It was a final order, notwithstanding the fact a specific award of fees, although been granted, the specific amount has not been entered. There is no amount for any aspect of the relief. It doesn't say that the plaintiff gets two cents. Nothing is quantified. It says that a motion for summary judgment is granted. But the granting of motions is different from the award of relief. Yeah, I believe that was, if anywhere, was wrapped up then in the 59E motion that was granted where it says in summary plaintiff is entitled to $191,362.06 in policy proceeds as well as 10% simple annual interest since September 10, 2013. And that then still leaves the attorney's fees hanging. Correct, and I believe, and I can certainly provide supplement authority on this because we did look at that issue before we filed our notice of appeal, I believe you looked at that issue but didn't bother to tell the Court of Appeals anything about it. Well, certainly, your honor, I could have included a case. I believe that the law says that the attorney's fee... There is actually a distinction in the law between attorney's fees awarded as part of the original remedy and attorney's fees awarded under a separate attorney's fees statute. If I understand the Illinois doctrine under 215 code 5 stroke 155, attorney's fees are awarded as part of the relief. That means it's subject to the rule that they have to be quantified before the case can be appealed. But the parties haven't addressed this issue. There's no recognition in either side's brief that there's a potential problem with appellate jurisdiction. Have the attorney's fees been quantified even now? They have not, your honor. Well, as in the previous cases, we will be inviting the parties to file jurisdictional memos within 14 days. Certainly, your honor. Our life would be easier and the lives of lawyers would be easier if you followed the rules. Yes, your honor. May I proceed, your honor? Yes. Under section 155, sanctions are not appropriate when a party presents a good-faith bona fide defense. There are four prongs that are used to evaluate that standard, any one of which... Was there any debate in the district court about what law governs the award of attorney's fees as sanctions in federal court? I ask that because both sides seem to assume that state law does, and they seem to assume indeed that state law governs our standard of review, and the Supreme Court has held directly the opposite. Cases like Shady Grove and Walker against Armco hold that on procedural matters in federal court, federal law governs. I don't disagree with that, your honor. I believe TKK... Your briefs don't say a word about it. TKK USA versus Safety National Casualty Corporation is the case we were relying upon both for the standard of review, this is Seventh Circuit law, as well as that Illinois section 155 sanctions or the law applying section 155 would be applicable. And so, no, there was no discussion as to that at the underlying... Indeed, this also affects jurisdiction. If attorney's fees are being awarded as a sanction, it must be under federal law. If they're being awarded as part of the merits recovery on the policy, then it's a question of state law, perhaps, but also we don't have a final judgment. I hope you can see how these issues are entangled. Understood. I can address that in the supplemental briefing. The four prongs that are used to evaluate whether there was a good faith bona fide defense under section 155 are, was there a bona fide dispute? Did the insurer assert a legitimate policy defense? Did the claim present a genuine legal or factual issue regarding coverage? And did the insurer, or did the insurer take a reasonable legal position on an unsettled area law? Again, you only need to satisfy any one of those four prongs. In this case, the litigation, it, quote, consistently took a reasonable position on an unsettled area of law, and its legal basis for denial of coverage under the policy, quote, remain consistent throughout the litigation, suggesting Jackson's good faith belief in the merits of his argument. Well, we're back to my question. I don't see what that has to do with section 155, unless you're thinking that Illinois law can govern sanctions for misconduct in federal court. That was what the district court awarded sanctions under, Your Honor. Yes. I'm simply... Now, it may turn, apart from the entanglement problem with federal jurisdiction, with, with appellate jurisdiction, whether state law can provide rules for sanctions in federal court is probably not a question about subject matter jurisdiction. It's just entangled with the question about appellate jurisdiction. But I must confess that I simply don't see what state law has to do with the question, what may or must be attached to an answer, or whether under Rule 12e, something has to be governing those issues, any of them. I don't disagree, Your Honor. That was, again, the basis under which the court awarded, the district court awarded sanctions. I know. So why isn't your brief one sentence long saying, the district court applied state law to an issue that is exclusively governed by federal law, and therefore should be reversed, period. That's not what your brief says. It does not, Your Honor. I guess from reading the TKK-USA case, which was a Seventh Circuit case, which reversed an award of sanctions under 155, Section 155, that the court did not say they had no authority under that. They explained why the Section 155 did not apply under the circumstances. So it never occurred to us that that authority was incorrect. It never occurred to you that federal law might govern the correct in that the court could consider the award of sanctions, but had to evaluate it under state law. That case does not discuss the relation between state and federal law. And you heard me say earlier that even cases that might seem to have a jurisdictional consequence, if they don't discuss it, don't resolve anything about it. Certainly, Your Honor. Appellate cases resolve the disputes presented by the parties, not things that might be lurking in the record, but not addressed. You're correct, Your Honor. I see in my rebuttal time I'll acknowledge if that is the case and will certainly file a supplemental brief, then my appellate brief should have and could have been a whole lot simpler based on the lack of authority to award the sanctions under Section 155. Thank you, Mr. Marks. Mr. Pollack, do you have any comment about appellate jurisdiction? I do. The District Court's finding was based on its decision that Jackson had engaged in misconduct, but Section 155 itself doesn't talk about misconduct. Counsel, did you listen to my question? Do you have any comments about appellate jurisdiction? There does not appear to be a final decision by the District Court. The amount of relief has not been, it's not simply that it's not recorded in the judgment. It just hasn't been quantified. It has under the breach of contract. It hasn't under the Section 155. That's now before the court. I mean, they're appealing. They're not necessarily appealing the amount of the judgment. They're appealing the award itself. It doesn't make any difference, Counsel. It is a fundamental principle of appellate jurisdiction that even if the only use Rule 54B to allow it. That's the holding of liberty mutual against Wetzel by the Supreme Court. It just can't be done. And if that's ultimately what's correct, then I guess the appeal goes away and we wait for Judge Castillo to finalize his ruling. You will have the same opportunity in 14 days to explain, to both sides understand how the jurisdiction of the appellate jurisdiction issue is at least potentially entangled with the question whether state law is properly used at all. And to that point. Because a genuine award of federal sanctions under say Rule 26G would be separately appealable. It wouldn't be part of judgment to begin with. But this appears to be something that was in the judgment. It can't be a Rule 26G3 order because there was no order to compel under Rule 37, which is why this is all very odd. And we did raise that issue that there were separate violations of the federal rules of procedure that could be used as an There is no order to compel under Rule 37 without which there can't be a sanction under 26G3. Your brief mentions 28 U.S.C. Section 1927 without discussing the fact that 1927 allows awards only against lawyers and not against litigants. And of course the district court didn't mention 1927 either. It didn't. Well I'd like to address the next point that you have raised about the state law applying sanctions. And I think Section 155 itself talks about costs. It doesn't talk about that it's sanctioning the insurance company. It says that where it appears to the court that the insurance company is vexatious and unreasonable. It may assess as costs of the litigation. So it's not necessarily a sanction. Well costs in federal courts are governed by 28 U.S.C. 1920 and the federal rule on costs, which is Rule 54. State law does not determine costs in federal litigation. It's just really straightforward. Okay, well Section 155 does say that it applies to any action. State law does not determine costs in federal litigation. If the state law said, notwithstanding the holding of the U.S. Supreme Court, that 1920 does not allow experts fees to be awarded as costs, there shall be an award of expert fees in all insurance cases in both state and federal court. If the state law said that, it wouldn't work in federal court. There's something about the supremacy clause. If 1920 says that costs are limited to X, state law can't override it. But it does appear that federal courts have used Section 155 to assess costs in the past. Would it be different, counsel, if the federal court, you know the classic case in which this comes up is when an insurer refuses to pay a claim? Yes. And forces then the insurer to litigate. Yeah. And in the classic case of 155, the vexatious conduct is the denial, but 155, I'm not aware of any Illinois cases in which it's used to govern litigation behavior, which in federal court, as Judge Easterbrook points out, is where the federal rules of civil procedure would kick in. So don't the substantive and procedural points kind of dovetail here to suggest that 155 isn't even trying to reach out, whether you're in federal court or an Illinois court operating under its procedural rules. That section doesn't purport to impose a different standard of conduct on an insured litigant than the regular discovery rules would. And perhaps it doesn't. We'll address that in our supplemental briefs. But our alternate argument is that the judge's findings that there was no evidence to support Jackson's position, that under Illinois law, that means that they can't have a bona fide dispute. And if they didn't have a bona fide dispute, then it was vexatious and unreasonable. But the judge said there was a bona fide. Well, he discussed a bona fide dispute, but he didn't say that they had one. He said that they had a good faith dispute. That's what bona fide means. Well, the cases that we cited, that the council, that the... One phrase is English and one is Latin, but they really are the same thing. But the Illinois courts that we cited to say that the basis for whether there's a bona fide defense is whether there's any evidence to support it. And that's what Judge Castillo had ruled in the breach of contract portion of his ruling, is that there was no evidence. There was nothing in the policy that said that the monthly payments were installments towards a quarterly premium. There was nothing in the EFT applications that Jackson keeps calling contracts. There's nothing in the communications with Charles Cook. And there was nothing in its internal documents to suggest that that was the case. And so we cited several cases, Illinois cases, that say that when there's no evidence to support their position, even if it's something that they truly believe, that that's still not a bona fide defense. So I believe that's what... You know, our alternate argument is not necessarily what Judge Castillo ruled about the litigation conduct, but what he ruled on the breach of contract should govern whether they actually had that bona fide defense. I think that the case is definitely going to have to come down to the supplemental briefing on the issues, and I'm happy to answer any other questions that you may have, but otherwise we'll stand on our arguments and we'll supplement our briefing and see the rest of our time. Thank you, Mr. Pollack. Anything further, Mr. Marks? Nothing further, Your Honor. All right. Thank you. The court invites the parties to file supplemental briefs addressing appellate jurisdiction. They're due within 14 days, and the court will be taken under advisement when the briefs are received.